**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

IN RE:                                                                      CASE NO. 10-23327

Debtor   Donna and Noel Martinez                          CHAPTER 13

## CHAPTER 13 PLAN

[ ] Original
[ ] Provision _____ is/are modified from the Trustee Standard Plan

**A.    PLAN PAYMENTS**

1.  Debtor(s) will make payments in the amount of $1374   per month .
2.  Debtor(s) estimate the Plan length of _60___ months.  **The Plan payment will commence not later than 30 days from the date of filing of the voluntary petition or date of conversion.**
3.  **Debtor will pay all statutory adequate protection payments through the Trustee's office.**   As such, provided the Debtor begins the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.
4.  Debtor(s) will turn over copies of federal and state income tax returns each year of the Plan to the Trustee.
5.  Debtor(s) will pay, into the Plan, tax refunds in excess of $750.00 plus earned income credits.
6.  To meet the best interests of creditors test, the means test and/or the disposable income test, the Class Nine General Unsecured Creditors will receive no less than $00.

**B.    DISBURSEMENTS BY TRUSTEE**

1.  **Class One - Administrative Expenses**
    a. *Trustee fees* as determined by statute and set by the United States Trustee.
    b. *Attorney fees and costs:* Attorney's fees will be paid after Class Two, Four, and Nine monthly payments are post-petition current.
        ☐ An agreed fee of $_2800_ less amounts paid as disclosed in the Rule 2016(b) Statement, leaving a balance due of $_1900_____ plus costs advanced in the amount of $_____ which totals $___2800___.
        ☐ Attorney's fees to be applied for and approved by the Court.

2.  **Class Two - Continuing Claims:** Those secured claims on which the last payment is due beyond the length of the Plan.   Trustee shall commence payments from the date of the filing of the petition unless the proof of claim provides for a later date.   This class will be paid their monthly payment pro-rata with Class Four and Nine.

Chase Home Finance   2914 Bryant St. Portage Indiana     $1077.00

| CREDITOR | ADDRESS OF COLLATERAL | MONTHLY PAYMENT |
|---|---|---|

3. **Class Three** - **Pre Petition Arrearage on Continuing Claims:**
   To the extend the claim and Plan conflict, the Trustee shall pay the allowed proof of claim.   This class will be paid pro-rata after Classes Two, Four, and Nine.

| Creditor/Collateral | Address of Collateral | Estimated Arrears Amount | Interest Rate if Mortgage prior to 10/1994 |
|---|---|---|---|

4. **Class Four - Secured Claims:**
   A.   **Class Four (A)** creditors shall be paid the replacement value of their collateral, retain their liens until discharge and shall be paid a monthly payment pro-rata with Class Two, Four, and Nine.   To the extent that the proof of claim filed and confirmed Plan conflict, the Trustee **shall pay the value pursuant to the Plan provisions** with the remaining amount under the claim treated as a Class Eight Unsecured Claim.

| Creditor | Collateral | Value | Int. Rate | Monthly Payment |
|---|---|---|---|---|

**FAILURE TO OBJECT TO THIS TREATMENT OF CLASS FOUR (A) CLAIMS WILL BE DEEMED ACCEPTANCE OF THIS PLAN PROVISION AS TO VALUE, INTEREST RATE, AND MONTHLY PAYMENT.**

B.   **Class Four (B)** creditors **shall be paid the principal amount of their allowed claim**, estimated below, retain their liens until discharge, and shall be paid a monthly payment pro-rata with Class One, Two, Four, and Nine creditors.

| Creditor | Collateral | Est. Claim Balance | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| Horizon Bank | 2006 Dodge Charger | $10430.27 | 5.25% | $198.03 |

**Failure to timely object to confirmation of this plan provision shall be deemed acceptance of Interest Rate and Monthly payment.**

C.   **Class Four (C)** creditors have allowed secured claims for pre-petition real estate taxes.   The Treasurer shall retain the lien on the Debtor's real estate securing such tax claim, and to the extent that the taxes are not paid timely during the bankruptcy, upon notice to the Trustee, the estate will pay the remaining portion of the secured claim through the Trustee.   Debtors will then have the duty to increase their payments to provide for the additional claim.   Class Four (C) claims shall be paid concurrently with Class Six.   Said claims shall be paid with no interest.

| County | Address of Real Estate |
|---|---|

**5.   Class Five - Secured Creditors - MOTION TO AVOID LIEN:** Class Five creditors were secured at one time, but are **stripped and voided** as the value of the Creditor's interest in the collateral is $0.00.   The secured status of the following creditor's claim shall be, upon discharge, completely stripped away by 11 U.S.C. §506(a), voided by 11 U.S.C. §506(f), and pursuant to 11 U.S.C. §1327(c), the Debtor's property shall be free and clear of all said pre-petition liens listed below.   **Class Five creditors shall only have a Class Eight unsecured claim which must be timely filed to be allowed.**

**Legal Description of property:**

| LIEN | CITY/COURT COUNTY RECORDED | CAUSE OR MORTGAGE ACCT NUMBER | JDMT DATE OR MORTGAGE DATE | JDMT AMT OR MORTGAGE AMT |
|---|---|---|---|---|

**Legal Description of property:**

| LIEN | CITY/COURT COUNTY RECORDED | CAUSE OR MORTGAGE ACCT NUMBER | JDMT DATE OR MORTGAGE DATE | JDMT AMT OR MORTGAGE AMT |
|---|---|---|---|---|

<u>SECURED CREDITORS SUBJECT TO A CRAM DOWN</u>

| Creditor | Value | Interest Rate | Monthly Payment |
|---|---|---|---|

**6.   Class Six - Priority Unsecured Claims 11 U.S.C. §1322(a)(2):** All allowed priority claims entitled to priority under 11 U.S.C. §507 shall be paid in full during the Plan.   This class will be paid pro-rata after Class Three Secured Claims are paid in full.   Anticipated claims in this Class are as follows:

| Creditor | Amount |
|---|---|

**7.   Class Seven - Special Unsecured Claims:** Class Seven claims shall be paid in full and concurrently with Class Six Priority Unsecured Claims.

| Creditor | Amount | Reason for Special Treatment |
|---|---|---|

**8.   Class Eight - General Unsecured Claims:** General Unsecured Claims shall be paid a pro-rata minimum of $_0.

**9. Class Nine - Executory Contracts and/or Unexpired Leases of Personal Property** [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]    The following Class Nine creditors have their leases/executory contracts ACCEPTED/ASSUMED and shall be paid their continuing post-petition monthly lease payment through the Trustee and shall be paid a monthly payment pro-rata with Class Two and Four creditors.   Class Nine creditors shall be paid their pre-petition default in the amount set forth below pro-rata with Class Three creditors.

**Continuing, Post-Petition Obligations:**

| Creditor | Collateral | Assume/Reject | Regular Payment | Contract Expiration Date |
|---|---|---|---|---|
| | | | | |

**Pre-petition Default:**

| Creditor | Collateral | Estimated Amt. of Default |
|---|---|---|
| | | |

Those executory contracts and/or unexpired leases not listed herein are rejected.   The automatic stay shall be lifted upon confirmation of the Plan with respect to any rejected executory contract or unexpired lease assumed that is to be paid directly by the Debtor.

C. **PAYMENTS MADE DIRECT BY A THIRD PARTY FOR THE DEBTOR OR BY NON-FILING CO-DEBTOR**

1. **Class One - Continuing claims that are CURRENT as of the date of the filing of the Petition.   A Third Party or Non-Filing Co-Debtor** will commence payments from the date of the filing of the petition.

   CREDITOR              ADDRESS OF COLLATERAL

2. **Class Two - Secured Claims that are co-signed.**   Debtor/Co-signer shall maintain regular monthly payments from the date of the petition.

   CREDITOR              ADDRESS OF COLLATERAL

D. **PROPERTY SURRENDERED**

1. **Surrender of Collateral.**   The Debtor will surrender Debtor's interest in the following collateral securing each allowed secured claim filed by the following creditors.   Upon the entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362(d).   If the surrendered property is not subject to 11 U.S.C. §1325(a)(9), the creditor may

-4-

file a deficiency claim after sale, which if allowed would be treated as Class Eight General Unsecured Claims as above.   Said deficiency claim will be paid as a Class Eight Unsecured if such creditor timely files or amends its claim for such deficiency.

CREDITOR                              COLLATERAL

E.  **GENERAL PROVISIONS**

  1.  **Vesting, Possession of Estate Property, and Lien Retention:** Upon confirmation of the Plan, all property listed in the Debtor's schedules shall not vest in the Debtor [11 U.S.C. §1327(b)] but shall remain property of the estate.   The Debtor will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)].   All secured creditors shall retain the liens securing their claims unless otherwise stated.

  2.  **Debtor's Causes of Action:** Debtor will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtor.

  3.  **Surrender or Abandonment of Collateral:** Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

  4.  **Prohibition Against Incurring Post-Petition Debt**: While this case is pending, the Debtor will not incur debt without first obtaining approval from the Court or the Trustee.

  5.  **Proof of Claims Required for Distributions:** To receive distributions from the Trustee under this Plan, **all creditors, including holders of secured claims,** must file a proof of claim with the Bankruptcy Court.

  6.  **Debtor Duty to Maintain Insurance:** Debtor will maintain all insurance required by law and contract upon property of the estate and the Debtor's property.

  7.  **Curing of Mortgage Defaults:** The rights of holders of claims secured by a mortgage on real property of the Debtor, proposed to be cured in Paragraph 2 of Section B of this Plan, shall be modified only to the extent paying the amounts specified in Paragraph 2 of Section B, while making all required post-petition principal, interest, and escrow payments, shall result in full reinstatement of the mortgage according to its original terms, extinguishing any right of the mortgage holder to recover any amount alleged to have arisen prior to or during the pendency of the case, other than costs of collection and post-petition costs and fees as outlined below.

  8.  **Entry of Orders Lifting Stay:** Upon entry of order lifting stay, no distributions shall be made to the secured creditor until such time as an amended deficiency claim is filed by such creditor.

9. **Secured Claims will be paid the value listed in the Plan or the value of the collateral listed in the proof of claim, whichever is less.**  Apart from establishing the extent to which an undersecured claim is to be allowed as secured [where Plan specifies value of collateral for purposes of 11 U.S.C. §506(a) and 11 U.S.C. §1325(a)(5)(B)(ii), confirmation of the Plan shall not be deemed to determine claim balances nor shall confirmation preclude or limit Trustee's or Debtor's right or ability to object to proofs of claims subsequent to confirmation, irrespective of whether or not the claim holder filed its claim prior to or subsequent to confirmation.

10. **It is the Debtor's intent to provide for every claim** unless specifically stated otherwise.  Unless the claim is set forth specifically in this Plan as a secured claim, the Debtor is purposely classifying the claim as unsecured.

11. **Other provisions:**
_____
_____
_____

Dated: _____

Debtor: _____       Debtor: _____

/s/ Dan L. Whitten
Dan L. Whitten
Attorney for the Debtors
6183 Central Ave
Portage Indiana 46368
219-763-6012